## MUNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JARED THORNTON,**
**MALINI DHANARAJAN,**
**and BLAIRE BENNETT**
**on behalf of themselves and**          **CASE NO.:**
**others similarly situated,**

    **Plaintiffs,**                        **COLLECTIVE/CLASS**
                              **REPRESENTATION**
**vs.**

                                       **JURY TRIAL DEMANDED**
**DAO RESTAURANT, LLC,**

    **Defendant.**            **/**

## CLASS/COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiffs, JARED THORNTON, MALINI DHANARAJAN, and BLAIRE BENNETT, individually and on behalf of all other similarly situated individuals, by and through undersigned counsel, brings suit against Defendant, DAO RESTAURANT, LLC ("Dao"), on a collective basis pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and on a class wide basis pursuant to Fla. Const. Art. X § 24.

## INTRODUCTION

1.     The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living

necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for covered employers whose employees work in excess of 40 hours per workweek. 29 U.S.C. 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C § 516.2(a)(7).

2.      Likewise, Fla. Const. Art. X § 24 provides a constitutional right to payment of minimum wages.

3.      Plaintiffs, and other current and former similarly situated employees, are hourly paid servers and bartenders who worked for Defendant. Due to the Defendant's time keeping policies and procedures, as described more fully herein, Plaintiffs were deprived of complete minimum wages and overtime wages for all hours actually worked.

4.      Additionally, Defendant operated an illegal tip pool wherein Defendant's managers retained a portion of Plaintiffs' and similarly situated servers' and bartenders' tips.

5.      Plaintiffs, JARED THORNTON, MALINI DHANARAJAN, and BLAIRE BENNETT, bring this action individually and on behalf of

2

all other similarly situated current and former servers and bartenders who have been employed by Defendant ("Putative Class Members"), at any time from five years preceding the filing of this action through the final disposition of this matter. These class members should be informed of the pendency of this action and apprised of their rights.

## **PARTIES**

6.    Plaintiff Thornton is an individual residing in Tallahassee, Leon County, Florida and worked for Defendant as a server in Tallahassee, Leon County, Florida from approximately February 2019 to August 2020.

7.    Plaintiff Dhanarajan is an individual residing in Tallahassee, Leon County, Florida and worked for Defendant as a server and bartender in Tallahassee, Leon County, Florida from approximately January 2021 to October 2022.

8.    Plaintiff Bennett is an individual residing in Tallahassee, Leon County, Florida and worked for Defendant as a server and bartender in Tallahassee, Leon County, Florida from approximately October 2019 to April 2022.

9.    The Putative Class Members include each of Defendant's respective non-exempt servers and bartenders who performed the same

or similar work as Plaintiffs and were subjected to the same or similar payment policies as Plaintiffs at any time from five years preceding the filing of this action through the final disposition of this matter.

10.    Defendant Dao is a limited liability company organized under the laws of the State of Florida. Defendant Dao is a covered employer under the FLSA and Fla. Const. Art. X § 24 and acted as such in relation to Plaintiffs and the Putative Class Members it employed.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201-19.

12.    This Court has supplemental jurisdiction over the additional Fla. Const. Art. X § 24 claim pursuant to 28 U.S.C. § 1367 and the claims form part of the same case or controversy.

13.    This Court has personal jurisdiction over Defendant because Dao is a Florida limited liability company.

14.    Venue is proper in the Northern District of Florida because this is a judicial district where a substantial part of the events or omissions giving rise to the claims occurred.

4

15.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## **COVERAGE**

16.  At all material times, Defendant has been an employer within the meaning of section 203(d) of the FLSA and Fla. Const. Art. X § 24, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).[1]

17.  At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(l) of the FLSA and Fla. Const. Art. X § 24 because they have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

18.  At all material times, Plaintiffs and the Putative Class Members are (or were) employees who engaged in commerce or in the production of goods for commerce as to their respective employment with Dao as required by sections 206 and 207 of the FLSA and Fla. Const. Art. X § 24 by running credit card transactions and handling goods such as napkins, silverware, appliances, food items, and

---

[1] Fla. Const. Art. X § 24 incorporates the provisions of the FLSA.

5

restaurant equipment which had travelled in interstate commerce on a daily basis.

19.  At all material times, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard of $500,000.00.

20.  During Plaintiffs' employment with Defendant, Defendant employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as napkins, silverware, appliances, food items, and restaurant equipment, and other items used to run the business.

21.  Therefore, at all material times relevant to this action, Defendant constituted an enterprise covered by the FLSA and Fla. Const. Art. X § 24, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

22.  Additionally, Plaintiffs were individually engaged in interstate commerce during their employment with Defendant as a result of their routine and daily use of credit card machines that transmitted communications across state lines and as a result of their routine and regular handling of goods, materials and supplies which had travelled in interstate commerce.

## WAGE VIOLATIONS

23.  Defendant's compensation policies violated and continue to violate the FLSA and Fla. Const. Art. X § 24 by failing to pay its respective employees, including Plaintiffs and the Putative Class Members, all minimum wages and time and one-half for all time worked in excess of 40 hours per workweek.

24.  Defendant paid Plaintiffs and the Putative Class Members a sub-minimum wage, utilizing a "tip credit."

25.  Plaintiffs and the Putative Class Members worked more than forty (40) hours per week in one or more weeks.

26.  Defendant had a policy and practice of failing to submit accurate sever and bartender hours to payroll resulting in Plaintiffs and the Putative Class Members not receiving complete minimum wages and overtime compensation for all hours worked.

27.  As a result of this improper common policy and practice, Defendant must repay Plaintiffs and the Putative Class Members for all unpaid minimum wages and for proper overtime compensation for all hours worked over forty (40) hours in each week.

28.    Defendant also required Plaintiffs and the Putative Class Members to contribute to a mandatory tip pool and then shared a portion of those tips with Defendant's managers who are not "customarily and regularly tipped employees."

29.    Pursuant to the FLSA and Fla. Const. Art. X § 24, which incorporates the provisions of the FLSA, all tips are the sole property of the employee regardless of whether the employer takes a tip credit. The law also prohibits any arrangement between the employer and tipped employee whereby any part of the tip received becomes the property of the employer. For example, even where a tipped employee receives at least minimum wage, the employee may not be required to turn over his or her tips to the employer or the employer's managers.

30.    Defendant, here, violated the FLSA and Fla. Const. Art. X § 24 by illegally retaining tips that should have been distributed to Plaintiffs and similarly situated servers and bartenders.

31.    As a result of these improper common policies and practices, Defendant illegally took a tip credit under federal and state law and must repay the tip credit to Plaintiffs and the Putative Class Members.

32.    Additionally, because tips are the sole property of the employee Defendant must also repay the illegally withheld tips to all Plaintiffs and Putative Class Members.

## FLSA COLLECTIVE ACTION ALLEGATIONS

33.    Plaintiffs bring the first and second causes of action as a collective action on behalf of a class of individuals similarly situated. Specifically, Plaintiffs bring these claims under the Fair Labor Standards Act as a collective action and will request the Court to grant conditional certification under 29 U.S.C. § 216(b), and to order notices to potential opt-in individuals who are or were employed by Defendant as servers and/or bartenders within three (3) years prior to the commencement of this lawsuit (the "FLSA Class").

34.    Potential opt-in members of the collective action are similarly situated to Plaintiffs. They all held the same/similar job positions and had substantially similar job requirements and pay provisions with Defendant. They are or were subject to the same common practices, policies, and plans of Defendant. They all suffered damages in the nature of lost minimum wages, overtime compensation, tips, and other wages

resulting from the wrongful conduct of their respective employer-Defendant.

## FLORIDA CLASS ACTION ALLEGATIONS

35.    Plaintiffs bring the Third Cause of Action, the Florida Constitutional claim, as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all similarly situated current and former individuals employed by Defendant as servers and/or bartenders within five (5) years prior to the commencement of this lawsuit. ("FL Rule 23 Class").

36.    Upon information and belief, this action satisfies the requirements of Rule 23(a), FED. R. CIV. P., as alleged in the following particulars:

a.    The proposed FL Rule 23 Class is so numerous that joinder of all individual members in this action is impracticable, and the disposition of their claims as a class will benefit the parties and the Court;

b.    There are questions of law and/or facts common to the members of the proposed FL Rule 23 Class;

c.   The claims of Plaintiffs, the representatives of the proposed FL Rule 23 Class, are typical of the claims of the proposed FL Rule 23 Class; and

d.   Plaintiffs, the representatives of the proposed FL Rule 23 Class, will fairly and adequately protect the interests of the FL Rule 23 Class.

37.   In addition, upon information and belief, this action satisfies one or more of the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed FL Rule 23 Class predominate over any questions affecting only individual members.

38.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions

engender. Because the losses, injuries, and damages suffered by each of the individual FL Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual FL Rule 23 Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual FL Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual FL Rule 23 Class Members, establishing incompatible standards of conduct for Defendant and resulting in impairment of the FL Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

39.    Upon information and belief, Defendant violated and continues to violate Fla. Const. Art. X § 24. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

40.    This action against Defendant is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COUNT I – RECOVERY OF MINIMUM WAGES (29 U.S.C. § 206)

41.    Plaintiff and the Putative Class Members incorporate by reference paragraphs 1-40 as though fully and completely set forth herein.

42.    Plaintiffs and the Putative Class Members are/were entitled to all tips earned by them during their employment with Defendant.

43.    Plaintiffs and the Putative Class Members are/were entitled to be paid full minimum wages for each hour during their employment with Defendant.

44.    Plaintiffs and the Putative Class Members did not receive all tips earned by them during their employment with Defendant.

45.    Plaintiffs and the Putative Class Members did not receive the full minimum wage contrary to the FLSA as a result of Defendant's improper practice and policy of requiring them to contribute to a tip pool that included employees who do not customarily receive tips.

46.    Plaintiffs and the Putative Class Members further did not receive the full minimum wage contrary to the FLSA as a result of Defendant's improper time keeping practices.

47.    As a result of Defendant's improper policy(s) and practice(s), Plaintiffs and the Putative Class Members have not received the full amount of tips earned by them during one or more weeks during their employment with Defendant.

48.    As a result of Defendant's improper policy(s) and practice(s), Plaintiffs and the Putative Class Members have not been properly compensated the statutory minimum wage for all hours worked per week during their employment with Defendant.

49.    Defendant willfully failed to pay Plaintiffs and the Putative Class Members the statutory minimum wage during the subject period of work contrary to the FLSA.

50.    As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiffs and the Putative Class Members have been damaged in the loss of tips for the subject weeks that they worked for the Defendant.

51.    As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiffs and the Putative Class Members have been damaged in the loss of minimum wages and tips for the subject weeks that they worked for the Defendant.

52.    As a result of Defendant's willful violation of the FLSA, Plaintiffs and the Putative Class Members are entitled to liquidated damages and reasonable attorneys' fees and costs.

53.    Plaintiffs complied with any and all requirements prior to the filing of this Complaint for Florida minimum wages.

WHEREFORE, Plaintiffs demand an Order awarding:

(a) payment to Plaintiffs and all Putative Class Members of the tips improperly retained by Defendant;

15

(b) payment to Plaintiffs and all Putative Class Members of full minimum wages for all hours worked at the correct rate pursuant to the FLSA;

(c) an equal amount of liquidated damages, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

(d) reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiffs in prosecuting this case pursuant to the FLSA; and

(e) any other relief this Court deems just and proper.

## COUNT II – RECOVERY OF OVERTIME COMPENSATION (29 U.S.C. § 207)

54.    Plaintiff and the Putative Class Members incorporate by reference paragraphs 1-40 as though fully and completely set forth herein.

55.    Defendant's policy and practice of failing to pay Plaintiff and the Putative Class Members time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

56.    None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-

16

half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff and the Putative Class Members.

57.    Defendant failed to keep adequate records of its respective employees-Plaintiff and Putative Class Members' work hours and pay in violation of section 211(c) of the FLSA. 29 U.S.C. § 211(c).

58.    Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

    a.    The time of day and day of week on which the employees' work week begins;

    b.    The regular hourly rate or pay for any workweek in which overtime compensation is due under Section 7(a) of the FLSA;

    c.    An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

    d.    The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

17

e.     The hours worked each workday and total hours worked each workweek;

f.     The total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive or premium overtime compensation;

g.     The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

h.     The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i.     The dates, amounts, and nature of the items which make up the total additions and deductions;

j.     The total wages paid each pay period; and

k.     The date of payment and the pay period covered by payment.

29 C.F.R. §§ 516.2, 516.5.

59.    Defendant has not complied with the federal law and has failed to maintain such records as to its respective employees-Plaintiffs and Putative Class Members. Because Defendant's records are inaccurate and/or inadequate, Plaintiffs and the Putative Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

60.    Defendant's failure to properly compensate its respective employees at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, results from Defendant's common payment policy or practice that applies to all similarly- situated employees.

61.    Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation correctly with as to its respective employees-Plaintiffs and Putative Class Members.

62.     Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. §§ 201-219, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

63.     Accordingly, Plaintiffs and the Putative Class Members bring this cause of action under section 216(b) of the FLSA, which allows them to recover all unpaid overtime compensation to which they are entitled, but have not been paid, for the 3-year period preceding the filing of this complaint through the final disposition of this matter. 29 U.S.C. § 216(b).

64.     Plaintiffs and the Putative Class Members contend that Defendant's conduct in violating the FLSA is willful. Accordingly, Plaintiffs and the Putative Class Members seek recovery of all unpaid overtime compensation to which they are entitled, but have not been paid, for the three years preceding the filing of this complaint through the final disposition of this matter. 29 U.S.C. § 216(b).

65.     Due to the willful nature of Defendant's conduct, Plaintiffs and the Putative Class Members seek to recover, as liquidated damages, an amount equal to unpaid overtime wages for the 3-year period preceding the filing of this complaint through the final disposition of this

matter—that is, the same period for which unpaid overtime damages are sought. 29 U.S.C. § 216(b).

66.    Plaintiff and the Putative Class Members also seek to recover their reasonable attorneys' fees and costs. 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand an Order awarding:

(a) payment to Plaintiffs and all Putative Class Members of their full and complete overtime compensation for all hours worked over forty (40) hours per week at the correct rate pursuant to the FLSA;

(b) an equal amount of liquidated damages, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

(c) reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiffs in prosecuting this case pursuant to the FLSA; and

(d) any other relief this Court deems just and proper.

## COUNT III – RECOVERY OF MIMIMUM WAGES (FLA. CONST. ART. X § 24)

67.    Plaintiff and the Putative Class Members incorporate by reference paragraphs 1-40 as though fully and completely set forth herein.

68.    Plaintiffs and the Putative Class Members are/were entitled to all tips earned by them during their employment with Defendant.

69.    Plaintiffs and the Putative Class Members are/were entitled to be paid full minimum wages for each hour during their employment with Defendant.

70.    Plaintiffs and the Putative Class Members did not receive all tips earned by them during their employment with Defendant.

71.    Plaintiffs and the Putative Class Members did not receive the full minimum wage contrary to Fla. Const. Art. X § 24 as a result of Defendant's improper practice and policy of requiring them to contribute to a tip pool that included employees who do not customarily receive tips.

72.    Plaintiffs and the Putative Class Members further did not receive the full minimum wage contrary to Fla. Const. Art. X § 24 as a result of Defendant's improper time keeping practices.

73.    As a result of Defendant's improper policy(s) and practice(s), Plaintiffs and the Putative Class Members have not received the full

amount of tips earned by them during one or more weeks during their employment with Defendant.

74.    As a result of Defendant's improper policy(s) and practice(s), Plaintiffs and the Putative Class Members have not been properly compensated the statutory minimum wage for all hours worked per week during their employment with Defendant.

75.    Defendant willfully failed to pay Plaintiffs and the Putative Class Members the statutory minimum wage during the subject period of work contrary to Fla. Const. Art. X § 24.

76.    As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiffs and the Putative Class Members have been damaged in the loss of tips for the subject weeks that they worked for the Defendant.

77.    As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiffs and the Putative Class Members have been damaged in the loss of minimum wages and tips for the subject weeks that they worked for the Defendant.

78.    As a result of Defendant's willful violation of Fla. Const. Art. X § 24, Plaintiffs and the Putative Class Members are entitled to liquidated damages and reasonable attorneys' fees and costs.

79.    Plaintiffs complied with any and all requirements prior to the filing of this Complaint for Florida minimum wages.

WHEREFORE, Plaintiffs demand an Order awarding:

(a) payment to Plaintiffs and all Putative Class Members of the tips improperly retained by Defendant;

(b) payment to Plaintiffs and all Putative Class Members of full minimum wages for all hours worked at the correct rate pursuant to Fla. Const. Art. X § 24;

(c) an equal amount of liquidated damages, or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

(d) reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiffs in prosecuting this case pursuant to Fla. Const. Art. X § 24; and

(e) any other relief this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated:  December 5, 2022                    Respectfully submitted,

                                            */s/ Kimberly De Arcangelis*
                                            Kimberly De Arcangelis, Esq.
                                            Bar No.:  0025871
                                            Jolie Pavlos, Esq.
                                            Bar No.:  0125571
                                            MORGAN & MORGAN, P.A.
                                            20 N. Orange Avenue, 15th Floor
                                            Orlando, Florida 32801
                                            Tel: (407) 420-1414
                                            Fax:  (407) 245-3383
                                            E-Mail:  kimd@forthepeople.com
                                                        jpavlos@forthepeople.com

                                            *Trial Attorneys for Plaintiffs*